# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PAUL BROWN, et al.,

        Plaintiffs,

CASE NO. 04-CV-72316

-vs-

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

CASSENS TRANSPORT CO., et al.,

        Defendants.
_____ /

## OPINION AND ORDER
## ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN FAVOR OF AWARDING NINE HOURS OF ATTORNEY FEES AND DENYING PLAINTIFFS' CROSS-MOTION FOR SANCTIONS

Now before the Court is Plaintiffs' appeal from the Magistrate Judge Wallace Capel November 1, 2005 Order Awarding Defendants' Motion for Attorney Fees and Denying Plaintiffs' Cross-Motion for Sanctions. (Doc. No. 55). On December 13, 2005, Defendants responded to Plaintiffs' appeal.[1] (Doc. No. 60). For the following reasons, the Court adopts in part and rejects in part the Magistrate Judge's Report and Recommendation.

**I.    BACKGROUND**

On June 22, 2004, Plaintiffs filed suit against Cassens Transportation Company, Crawford and Company, and Dr. Saul Margules (collectively "Defendants"), alleging that each Defendant engaged in a fraudulent enterprise to deny each Plaintiff of his workers' compensation benefits in violation of the Racketeer Influenced and Corrupt Organizations Act ("the RICO Act"), 18 U.S.C. § 1961, *et seq.* Plaintiffs further alleged that Defendants subjected each Plaintiff to intentional

---

[1] Defendants were permitted to respond to Plaintiffs' Appeal by a Stipulation and Order. (Doc. No. 61).

infliction of emotional distress in violation of Michigan law. Plaintiffs' Complaint alleged that Defendants conspired to deny each Plaintiff's workers' compensation claims despite knowledge of facts which supported the veracity of the claims.

In 2004, all Defendants moved to dismiss Plaintiffs' Complaint.

On July 15, 2005, the Court issued an Opinion and Order granting Defendants' Motions to Dismiss. 409 F. Supp. 2d 793 (E.D. Mich. 2005). On July 10, 2007, the United States Court of Appeals for the Sixth Circuit affirmed this Court's decision.[2] *See Brown v. Cassens Transp. Co.*, 492 F.3d 640 (6th Cir. 2007).

**II.   ANALYSIS**

The Court referred the questions of fees to the Magistrate Judge, since the Magistrate Judge. Recognizing that the Magistrate Judge does not have authority to rule on post-trial sanctions and fees under the statute, the Court treats the Magistrate Judge's Opinion as a Report and Recommendation. *Massey v. City of Ferndale*, 7 F.3d 506, 509-510 (6th Cir. 1993). Therefore, pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1), this Court will review *de novo* the portions of the Magistrate Judge's report and recommendation on a dispositive motion to which a party has objected. Parties cannot raise arguments on objection to a report and recommendation that they did not bring before the magistrate judge. *Murr v. United States*, 200 F.3d 895, 901 n.1 (6th Cir. 2000).

The United States Court of Appeals for the Sixth Circuit has recently explained the standards governing 28 U.S.C. § 1927:

---

[2] On May 21, 2007, the Supreme Court denied *certiorari* in a substantially similar case originally filed by Plaintiffs' attorney in the Eastern District of Michigan. *See Yax v. UPS*, 127 S. Ct. 2428 (2007).

> Any attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess of costs, expenses, and attorneys' fees reasonably incurred because of such conduct. Section 1927 imposes an objective standard of conduct on attorneys, and courts need not make a finding of subjective bad faith before assessing monetary sanctions under § 1927. Instead, a district court may impose sanctions under § 1927 when it determines that an attorney reasonably should know that a claim pursued is frivolous. Simple inadvertence or negligence, however, will not support sanctions under § 1927.

*Salkil v. Mount Sterling Twp. Police Dept.*, 458 F.3d 520, 532 (6th Cir. 2006) (internal citations and quotations omitted).

### A. 18 U.S.C. § 1512 Claim

The Magistrate Judge determined that Defendants be awarded three hours of attorneys' fees in connection with Plaintiff's claim under 18 U.S.C. § 1512. Plaintiffs' attorney argues the Magistrate Judge erred in this conclusion because Plaintiffs' attorney was merely negligent rather than deliberately vexatious in bringing his § 1512 claim.

This Court originally dismissed Plaintiffs' claims under § 1512 finding that even if § 1512 applied to the conduct alleged in Plaintiffs' complaint, Plaintiffs had failed to properly allege the claim. *Brown v. Cassens*, 409 F. Supp. 2d 793, 804-05 (E.D. Mich. 2005). Indeed, Plaintiffs' attorney agreed with the Court, during oral argument, that the legal support for this claim as "wobbly" and it should be dismissed. (3/10/05, Tr. at 29:8-11).

Plaintiffs contend pursuing the claim under § 1512 was negligent rather than "deliberately vexatious." First, the Court notes that there is no requirement that a court find bad faith on the part of an attorney in order to award attorney fees pursuant to § 1927. *Salkil,* 458 F.3d at 532. Rather, a court need only determine that an attorney reasonably should have known that a certain claim was frivolous. *Id*.

3

In the present case, the Court agrees with the Magistrate Judge that an award of attorneys fees in this situation was appropriate. Plaintiff admitted during oral argument before the Magistrate Judge that he became aware of the deficiency of his § 1512 claim upon reading Defendants' Reply to the Motion to Dismiss which raised the issue. (Sept. 7, 2005, Tr. at 11-12). However, after recognizing the deficiency in his claim, he subsequently made a motion to amend his complaint alleging further violations of § 1512.[3] The filing of this Motion to Amend required Defendants to perform additional legal research.

In light of these facts, the Court concludes that an award of three hours of attorneys fees is appropriate; this award represents the time Defendants' attorneys devoted to legal research regarding Plaintiffs' § 1512 claim after Plaintiffs' attorney should have reasonably been aware of the frivolousness of the claim.

### B. Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961

The Magistrate Judge determined that Defendants should be awarded three hours of attorneys' fees in connection with Plaintiffs' claim pursuant to RICO. Plaintiffs' counsel argues that the award of fees is unjustified because: (1) a lack of factual support for a claim is not a sufficient

---

[3] Additionally, the Court recognizes the interesting circumstances surrounding this case; the instant action was the third case filed by Plaintiffs' attorney alleging violations under the Racketeer Influenced and Corrupt Organizations Act ("RICO") for denial of worker's compensations benefits. *See Yax v. UPS, Inc.*, No. 03- 72106, 2005 WL 3801465 (E. D. Mich. May 31, 2005) (unpublished); *Moon v. Harrison Piping Supply*, 374 F. Supp. 2d. 577 (E.D. Mich. 2005). In *Yax*, Plaintiffs' attorney was presented with the same argument, that a claim under § 1512 must fail if it does not allege an "official proceeding," in the defendant's reply brief, which was filed approximately two weeks before Plaintiffs' filed their original Complaint in the instant action. Therefore, Defendants' make a persuasive argument that Plaintiffs' attorney was on notice of the deficiency in his § 1512 claim well before he received Defendants' reply in the instant action.

basis to award costs under § 1927;[4] and (2) an argument to overturn clear Sixth Circuit precedent which requires reliance and misrepresentation be alleged to establish a claim under RICO cannot be grounds for awarding attorneys' fees under § 1927.

After review of the record, the Court agrees with Plaintiffs. Plaintiffs argued to the Court that the Sixth Circuit precedent requiring reliance by Plaintiffs and a misrepresentation to Plaintiffs to establish a RICO claim should be overturned. Plaintiffs' counsel argued that he had adequately alleged a misrepresentation made to the Workers Compensation Agency. This Court recognized in its Opinion that Plaintiffs had alleged fraudulent communications directed at others stating: "Moreover, a plaintiff cannot detrimentally rely upon any alleged fraudulent communications that were not directed to him. Here, paragraphs 12, 16A, 32, 34, 41, 57, and 68 allege fraudulent communications by Defendants that were not directed at any Plaintiff." *Brown*, 409 F. Supp. 2d at 807-08 (internal quotation omitted).

Although the Magistrate Judge initially recognized that making an argument advocating the reversal of precedent is not a bad or sanctionable practice, he determined that attorney fees were warranted based upon the fact that Plaintiffs' argument was frivolous because Plaintiffs' counsel had failed to allege misrepresentation as to Plaintiffs or a third party. In review of the record, the Court finds that Plaintiffs' attorney did in fact allege fraudulent communications made to a third party in support of his RICO claim. *Id*. As a result, Plaintiffs did allege a RICO violation under Plaintiffs' advocated understanding of the law.

Therefore, in light of the fact that Plaintiffs averred that precedent should be overturned and

---

[4] The Court declines to address this argument as it is clear from the record the Magistrate Judge did not base his award of attorneys' fees regarding this issue on the basis of factual support or lack thereof. (9/7/05, Tr. at 28).

5

did allege fraudulent misrepresentation on the part of a third party in furtherance of this argument, and Defendants' request for attorneys' fees are denied.

### C. Intentional Infliction of Emotion Distress Claim

Plaintiffs contend that the Magistrate Judge erred when he held that under Michigan law a claim for Intentional Infliction of Emotional Distress ("IIED") arising from the denial of worker compensation benefits is untenable in any circumstance. Plaintiffs' counsel avers that he reasonably believed that his IIED claim was sustainable because he alleged Defendants had committed crimes, federal mail and wire fraud, rather than just alleging wrongful denial of workman compensation benefits.

Plaintiffs' counsel contends that the Michigan Court of Appeals indicated in *Hailes v. Liberty Mut. Ins. Co.*, No. 215509, 1999 WL 33326762 (Mich. Ct. App. Dec. 28, 1999) (unpublished), that an IIED claim can be established in connection with the denial of workman compensation benefits where a plaintiff "truly alleges a tort and damage identifiably separate from any claims regarding the compensability of the plaintiff's injuries." *Id.* at *2. The court went on to deny the IIED claim for the reason that "Plaintiff has failed to allege the element of extreme and outrageous conduct necessary to establish a *prima facie* case. . . . Rather, plaintiff merely alleges that his compensation benefits were wrongfully terminated." *Id.* Although the Magistrate Judge appeared to believe that IIED claims based upon the denial of workman compensation benefits are unviable across the board, it appears that the Michigan courts have indicated certain circumstances in which such a claim could be properly brought. Therefore, although perhaps not the strongest claim in hindsight, the Court declines to penalize Plaintiffs' counsel for trying to establish a viable IIED claim in this circumstance by attempting to differentiate his facts from those of other cases.

D.  **Plaintiffs' Counter-Motion for Sanctions**

Plaintiffs contend that they are entitled to sanctions against Defendants since Defendants should have known mere negligence was not the standard for awarding attorneys' fees under § 1927.

The Court finds Plaintiffs' argument unpersuasive. The mere fact that Defendants and Plaintiffs disagreed as to what constitutes negligence rather than an objective disregard for pursuing a frivolous claim is not grounds for awarding sanctions, nor has Plaintiff come forward with any case law which states otherwise.

Therefore, the Court adopts the Magistrate Judge's Order to the extent that it denies Plaintiffs' Cross-Motion for Sanctions.

IV. **CONCLUSION**

For all of these reasons, the Court **ADOPTS IN PART AND REJECTS IN PART** the Magistrate Judge's Report and Recommendation. Therefore, the Court;

(1) **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation ( Doc. No. 57) and **ADOPTS IN PART AND REJECTS IN PART** the Magistrate Judge's Report and Recommendation (Doc. No. 55);

(2) **GRANTS IN PART AND DENIES IN PART** in part Defendants' Motion for Fees and Costs (Doc. No. 43);

(3) **DENIES** Plaintiffs' Motion for Sanctions (Doc. No. 47).

(4) **AWARDS** Defendants three hours of attorney's fees at a cost of $205.00 an hour, for a total of $615.00. The Magistrate Judge's award of $540.09 in costs remains unchanged. Therefore, Defendants are awarded a total sum of $1155.09.

**SO ORDERED.**

                                          s/Paul D. Borman
                                          PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: December 19, 2007

                                          CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 19, 2007.

                                          s/Denise Goodine
                                          Case Manager